UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DAVID JULIAN,<br><br>*Petitioner*,<br><br>v.<br><br>OFFICE OF THE COMPTROLLER OF THE CURRENCY,<br><br>*Respondent*. | No. 25-1019 |

**STATEMENT OF ISSUES TO BE RAISED**

Petitioner David Julian respectfully submits the following statement of issues expected to be raised in his petition, which seeks review of the Final Decision of the Comptroller of the Currency ("Final Decision"), the Order to Cease and Desist and Order for the Assessment of a Civil Money Penalty ("Order"), and any ancillary or predicate rulings in *In the Matter of David Julian*, No. AA-EC-2019-71 (OCC December 17, 2024) (including to the extent necessary, the decision and order reissued with redactions on January 14, 2025):

1. Whether the Office of the Comptroller of the Currency ("OCC") violated Petitioner's right to Article III adjudication and Seventh Amendment right to a jury trial.

2. Whether the OCC's grant of partial summary disposition was arbitrary and capricious, unconstitutional, or contrary to law because, among other reasons, the OCC resolved genuine disputes of material fact without hearing any evidence.

3. Whether the OCC acted arbitrarily and capriciously, unconstitutionally, or in a manner contrary to law by prohibiting Mr. Julian from communicating with a key witness or her counsel throughout the proceeding, while simultaneously admitting and relying on evidence related to that witness.

4. Whether the OCC acted arbitrarily and capriciously, unconstitutionally, or in a manner contrary to law by forbidding Mr. Julian from obtaining relevant discovery, including but not limited to discovery regarding the bias and lack of credibility of the OCC's central witnesses.

5. Whether the OCC acted arbitrarily and capriciously, unconstitutionally, or in a manner contrary to law by excluding relevant evidence and testimony at the hearing, including but not limited to evidence regarding the bias and lack of credibility of the OCC's central witnesses, evidence rebutting the OCC's claim of deception, evidence regarding Mr. Julian's duties and fulfillment thereof, and evidence the administrative law judge claimed was offered after Mr. Julian had "rested" his case.

6. Whether the OCC acted arbitrarily and capriciously, unconstitutionally, or in a manner contrary to law by prohibiting Mr. Julian from

cross-examining witnesses about relevant topics, including but not limited to those witnesses' bias and lack of credibility.

7.  Whether the OCC acted arbitrarily and capriciously, unconstitutionally, or in a manner contrary to law by refusing to disqualify the administrative law judge, notwithstanding the judge's repeated *ex parte* communications with OCC counsel.

8.  Whether the OCC acted arbitrarily and capriciously, in a manner contrary to law, or reached conclusions unsupported by substantial evidence by concluding that Mr. Julian recklessly engaged in unsafe or unsound practices under 12 U.S.C. § 1818(i)(2)(B)(i) without establishing the standard of professional care that governs a chief auditor at a large bank.

9.  Whether the OCC acted arbitrarily and capriciously, in a manner contrary to law, or reached conclusions unsupported by substantial evidence by concluding that Mr. Julian recklessly engaged in an unsafe or unsound practice under 12 U.S.C. §1818(i)(2)(B)(i) by failing to plan and manage certain audit activity, escalate information, and incorporate risk events in an incentive compensation recommendation.

10. Whether the OCC acted arbitrarily and capriciously, in a manner contrary to law, or reached conclusions unsupported by substantial evidence by concluding that Mr. Julian "was conducting the affairs of the insured depository

3

institution" under 12 U.S.C. §1818(i)(2)(B)(i) notwithstanding his limited role as an internal auditor.

11. Whether the OCC acted arbitrarily and capriciously, in a manner contrary to law, or reached conclusions unsupported by substantial evidence by concluding that Mr. Julian engaged in an unsafe or unsound practice under 12 U.S.C. §1818(i)(2)(B)(i) without finding that Mr. Julian's conduct threatened the financial integrity of the bank.

12. Whether the OCC acted arbitrarily and capriciously, in a manner contrary to law, or reached conclusions unsupported by substantial evidence by concluding that Mr. Julian's supposed failures to act were "part of a pattern of misconduct" under 12 U.S.C. §1818(i)(2)(B)(ii).

13. Whether the OCC acted arbitrarily and capriciously, in a manner contrary to law, or reached conclusions unsupported by substantial evidence by concluding that Mr. Julian's conduct "cause[d] or [was] likely to cause more than a minimal loss" to the bank under 12 U.S.C. §1818(i)(2)(B)(ii).

14. Whether the OCC's imposition of a $7 million civil monetary penalty is arbitrary and capricious, unconstitutional, contrary to law, or unsupported by substantial evidence because, among other reasons, the OCC sought only a $2 million penalty in its Notice of Charges.

15. Whether the OCC's final decision and order are arbitrary and capricious, contrary to law, or unsupported by substantial evidence because the OCC's claims are barred by the statute of limitations under 28 U.S.C. §2462.

Dated: February 14, 2025

Respectfully submitted,

/s/ *Mark C. Fleming*
Mark C. Fleming
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
mark.fleming@wilmerhale.com

*Counsel for David Julian*